The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. In view of the specific brucellosis quarantine provisions in 2 O.S. 6-99 [2-6-99] (1971), does the State Board of Agriculture have statutory authority to quarantine livestock on separately owned and fenced property adjacent to premises upon which an animal infected with brucellosis is located? If so, does this authority violate the Oklahoma or United States Constitution ? "2. If the State Board of Agriculture possesses the authority outlined in the first question, may the State Board of Agriculture extend the quarantine to property of the adjacent landowner which is physically separate from the property adjacent to land containing an infected animal?" Title 2 O.S. 6-99 [2-6-99] (1971), to which you refer, imposes a mandatory duty on the State Board of Agriculture to quarantine all livestock declared to be infected with brucellosis (Bang's disease) and to prepare a plan for the disposition of infected animals. Sections 2 O.S. 6-121 [2-6-121] through 6-126, however, provide the specifics for implementing animal quarantines. To be upheld, animal quarantines must be established in keeping with the requirements of these statutes. Crane v. State,5 Okl.Cr. 560, 115 P. 622 (1911). Section 2 O.S. 6-123 [2-6-123] specifically provides: "If the State Board of Agriculture or any authorized agent thereof shall determine that any livestock- in and area, such as a county, township or similar political or geographical boundary, is or might be infected with any infectious or contagious disease, a quarantine may be declared by the State Board of Agriculture or any authorized agent thereof. Such quarantine shall be evidenced by an order of quarantine, made by the Board, or authorized agent declaring the same, showing the boundaries of the area or place quarantined and the conditions of the quarantine, if any; and notice of such quarantine shall be given by a sign or signs posted in such place, places or area, or by publication in a legal newspaper printed in one (1) or more counties in which such place, places or area may be situated, or by both such posting and publication. It shall be illegal to remove any sign or notice posted to a quarantine area or premises and removal shall be only by the State Veterinarian or his authorized agent." (Emphasis added) The constitutionality of the animal quarantine provisions has been upheld by the Oklahoma Supreme Court. See Stine v. Lewis, 33 Okla. 609, 127 P. 396 (1912). It is, therefore, the official opinion of the Attorney General that the State Board of Agriculture may declare a quarantine, setting the boundaries and conditions thereof, if it is determined, after proper examination, that any livestock in the area is or might be infected with brucellosis. (Timothy S. Frets)